On modified ballot title filed September 10,* modified ballot title certified
September 18, 2001

Steven NOVICK,
*Petitioner,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S48524)

32 P3d 894

Brendan C. Dunn, Assistant Attorney General, Salem, filed the Filing of modified ballot title for respondent. With him on the filing were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Carson, Chief Justice, and Gillette, Durham, Leeson, Riggs, and De Muniz, Justices.

---

* 332 Or 493, 32 P3d 890 (2001) (referring ballot title for modification).

The court in this ballot title review proceeding determined that the Attorney General's certified ballot title for a proposed initiative measure, which the Secretary of State denominated as Initiative Petition 38 (2002), failed to comply substantially with statutory standards. *Novick v. Myers*, 332 Or 493, 32 P3d 890 (2001). Under Oregon Laws 2001, chapter 802, section 2 (now codified as ORS 250.085(8)), the court referred the ballot title to the Attorney General for modification. The Attorney General has filed a modified ballot title for the proposed initiative measure, and no party to the ballot title review proceeding has objected. *See* ORS 250.085(9) (setting out period within which party may object to modified ballot title and requiring court to certify modified ballot title if no objection filed).

The modified ballot title for Initiative Petition 38 (2002) states:

"AMENDS CONSTITUTION. FOR PUBLIC-WORKS CONTRACTS: ELIMINATES COMPETITIVE-BIDDING EXEMPTIONS, REGULATING WAGES/BENEFITS; PROHIBITS REQUIRING LABOR AGREEMENTS

"RESULT OF 'YES' VOTE: For public-works contracts, 'yes' vote eliminates competitive-bidding exemptions, regulating wages/benefits, and requiring prevailing wages; prohibits union-worker preferences and requiring labor agreements.

"RESULT OF 'NO' VOTE: 'No' vote retains laws requiring awarding some (but not all) public contracts to lowest responsible, qualified bidder; and payment of prevailing wages/benefits and overtime.

"SUMMARY: Amends constitution. Current law requires awarding certain public contracts through competitive bidding to lowest responsible, qualified bidder; exemptions allow other contracting methods for other contracts; requires paying prevailing wages (wages/benefits paid locally on similar projects) and increased pay for overtime. Measure requires that all contracts for public-works projects (including contracts for public buildings' furnishings, fixtures) be awarded to contractor submitting lowest bid to provide not less than the quality of work or product necessary to meet project specifications. Prohibits project requirements that: include any project labor agreement,

regulate laborers' or subcontractors' wages/benefits (including requiring prevailing wages), require contractors to pay wages/benefits in amounts greater than amounts that would be required in Oregon's private sector, prefer contractors using union workers. Other provisions."

The modified ballot title is certified. The appellate judgment shall issue in accordance with ORS 250.085(9).